FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 04 2013

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ADELL ADAMS            PLAINTIFF

VS.            CASE NO. 4:13cv0341-JMM

EVERGREEN PACKAGING INC;
Greg Stanford, individually and in his official capacity
as Supervisor of EVERGREEN PACKAGING INC.;
JOHN DOES 1-3            DEFENDANTS

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

## COMPLAINT

Comes now the Plaintiff, Adell Adams, by and through his counsel Bryce Brewer Law Firm, LLC, and for his Complaint states:

### INTRODUCTORY STATEMENT

This is an action to redress employment discrimination based upon race (African American) and age (59); for a permanent injunction prohibiting the Defendants from engaging in the policies and practices alleged herein in violation of Title VII of the 1964 Civil Rights Act (as amended by the Civil Rights Act of 1991), 42 U.S.C. §2000e, *et.seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et. seq.*, and the Arkansas Civil Rights Act of 1993, A.C.A. 16-123-101, *et.seq.* This action is also brought pursuant to 42 U.S.C. § 1983. Plaintiff seeks full front pay, back pay, benefits, compensatory and punitive damages, liquidated damages, prejudgment and post-judgment interest, reasonable attorney's fees and expenses, and any and all other relief to which he is entitled as the victim of race discrimination and retaliation. As a direct result of the discrimination suffered by the Plaintiff, he has suffered damages, including the loss of significant employment compensation, for which he seeks the relief set forth, *infra*.

1

## JURISDICTION

1. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §2000e, *et.seq.* Plaintiff also seeks a permanent injunction and a declaratory judgment under 28 U.S.C. §§2201 and 2202, declaring that the Defendants discriminated against him in the terms and conditions of his employment. This Court also has jurisdiction over Plaintiff's claims under the Arkansas Civil Rights Act pursuant to the plenary power of the Court to invoke its pendant jurisdiction over causes of action arising under the laws of the State of Arkansas.

2. Venue herein is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §200E-5(f)(3), and the alleged unlawful employment practices were committed within the State of Arkansas, in the Eastern District thereof.

3. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination on the basis of his race and age on February 28, 2013. A copy of that Charge, #493-2012-01298 is attached hereto as **Exhibit A** and incorporated herein by reference

4. The Equal Employment Opportunity Commission issued to Plaintiff a Right to Sue on his charge of discrimination on March 6, 2013. A copy of the Notice is attached hereto as **Exhibit B** and incorporated herein by reference.

## PARTIES

5. Plaintiff was at all times relevant hereto a citizen of the United States and a resident of Jefferson County, Arkansas. Plaintiff is an African American, and therefore he is a protected person within the meaning of Title VII, 42 U.S.C. §1983, and the Arkansas Civil Rights Act.

6. Defendant Evergreen Packaging, Inc. is a foreign for-profit corporation doing business in Arkansas and is responsible for administering all aspects of the facility located in Pine Bluff, Arkansas. The registered agent for service is The Corporation Company and can be served at 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

7. Defendant Greg Stanford ("Mr. Stanford") was at all relevant times the direct supervisor at Evergreen Packaging, Inc., and as such, is responsible for the management and operation of Defendant Evergreen Packaging, Inc. Upon information and belief, Mr. Standford is a citizen and resident of Pine Bluff, Arkansas.

8. Defendants John Does 1-3 are individuals and entities unknown at this time but are believed to have legal liability as a result of the incident involving the Plaintiffs.

9. The John Does are named because the identities of all of the tortfeasors are currently unknown. Attached hereto as *Exhibit A* and incorporated by reference is an Affidavit stating that the tortfeasors are presently unknown but will be formally brought into the lawsuit as parties once identified

## STATEMENT OF FACTS

10. Plaintiff is a 59 year old African American who has worked for the Defendant since 1999.

11. While he has worked a number of different positions for the Defendants over the years, Plaintiff has most recently been employed in the position of Service Operator III.

12. Previous to this position, Plaintiff worked as Service Operator II, which is a step higher than Service Operator III, and entails higher pay.

13. In 2013, Plaintiff tested for a promotion from Service Operator II to Service Operator I, which is a higher position with higher pay. Defendants issued Plaintiff a failing grade for the test, and demoted him, without notice, to the position of Service Operator III.

14. Plaintiff had been in his position as a Service Operator II for over a year and had considerable seniority over other employees, before being demoted by Defendants.

15. In his preparation for the Service Operator I test, Defendants provided Plaintiff with inadequate and deficient training. Plaintiff several times requested that he be assigned to a different trainer, which Defendants refused. Evergreen employees are routinely allowed to change trainers upon request.

16. The inadequate and deficient training received by Plaintiff resulted in his failing the Service Operator I test, and Defendants used this as a pretext to demote Plaintiff to the position of Service Operator III.

17. Defendants' actions were motivated by racial animus toward Plaintiff, who is African American, and by their bias against Plaintiff because of his age, 59.

18. During the course of his employment with Evergreen Packaging Inc., Plaintiff met or exceeded all reasonable job expectations of each position in which he worked.

19. Plaintiff complained to supervisor Greg Stanford about the discriminatory acts perpetuated onto Plaintiff by himself and other defendants at Evergreen.

### COUNT I
### VIOLATION OF 42 U.S.C.§2000e, *et.seq.*
### Racial Discrimination

20. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

21. The Defendants have unlawfully discriminated against Plaintiff because of race (African American) in that Plaintiff was treated differently from similarly situated Caucasian employees, when he was denied adequate training and demoted for failing a promotion test.

22. Tthe reason(s given by the Defendants for Plaintiff's disparate treatment are a mere pretext for discrimination based upon Plaintiff's race. Plaintiff has suffered damages as a result of these actions, including loss of pay and seniority.

## COUNT II
## VIOLATION OF 29 USC §621 *et seq.*
## Age Discrimination

23. Plaintiff restates and incorporates by reference the preceding paragraphs of his Complaint as if set forth herein word for word.

24. The Defendants have unlawfully discriminated against Plaintiff because of his age (59) in that Plaintiff was treated differently from similarly situated employees aged under forty.

## COUNT III
## VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT
## AND 42 U.S.C. § 1983

25. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

26. The acts and omissions alleged herein are in violation of 42 U.S.C. § 1983, the Arkansas Civil Rights Act of 1993, A.C.A 16-123-101, *et. seq.*, in that the Plaintiff was subjected to discrimination in the terms and conditions of his employment and Defendants' failure to promote based upon race (African American) and age (59) for previous protected activities, for which he seeks the relief set forth, *infra*.

27. Under Arkansas and federal law, an employer may not lawfully violate 42 U.S.C. § 1983 or the Arkansas Civil Rights Act by subjecting such an employee to a work environment that is hostile because of the Plaintiff's race. Further, an employer may not lawfully violate 42 U.S. C § 1983 or the Arkansas Civil Rights Act by for failing to promote an employee for a discriminatory reason.

28. As a direct and proximate cause of Defendants' acts or omissions, Plaintiff has suffered severe mental and emotional distress, lost wages, lost fringe benefits, and lost earning capacity.

## DAMAGES

29. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

30. Plaintiff, Adell Adams, has suffered damages in an amount in excess of the minimal amount for Federal Diversity Jurisdiction ($75,000) for the following elements:

(1) Loss of employment compensation, including front pay and back pay, benefits and promotional opportunities past, present and reasonably certain to be suffered in the future, with interest thereon;

(2) Loss of reputation and self-esteem; and

(3) Mental anguish and emotional distress.

Additionally, Plaintiff seeks punitive damages up to the limits permitted by law for violation of Title VII and in an indeterminate sum to be awarded by a jury for violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays that this Court grant him the following relief against the Defendant:

(1) Grant Plaintiff a jury trial;

(2) For a Declaratory Judgment declaring that the Defendant has violated the rights of the Plaintiff as guaranteed by Title VII of the 1964 Civil Rights Act (as amended), 42 U.S.C. §2000e, *et. seq.*; the Arkansas Civil Rights Act, A.C.A 16-123-101, *et. seq.*, and 42 U.S.C. §1983 *et. seq.*

(3) Grant a permanent injunction prohibiting the Defendants from engaging in the policies and practices complained of herein;

(4) Plaintiff's promotion; and an award front pay and benefits;

(5) Award Plaintiff full compensation for lost benefits associated with his employment, including back pay and for promotion or front pay, with interest thereon, suffered to date and to be suffered in the future;

(6) Award compensatory and punitive damages;

(7) Award reasonable attorney's fees and litigation expenses;

(8) Award pre and post judgment interest; and

(9) Grant any and all other relief to which he is entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully Submitted,

BY: _____
Bryce Brewer, AR Bar #2002013
Bryce Brewer Law Firm, LLC
800 West 4th Street
North Little Rock, AR 72114
(501) 978-3030 phone
(501) 978-3050 facsimile
bbrewer@wbhlawfirm.com

## **VERIFICATION**

STATE OF ARKANSAS )
)ss
COUNTY OF PULASKI )

I, Adell Adams, state upon oath that I have read the Complaint in the above-referenced and styled case, and the information contained therein is true and correct to the best of my knowledge, information and belief.

FURTHER, AFFIANT SAYETH NOT.   _/s/ Adell Adams_
Adell Adams

_6-4-13_
DATE

SUBSCRIBED AND SWORN TO before me, the Undersigned Notary Public, this 4th day of June, 2013.

_/s/ Sandra Pigue_
NOTARY PUBLIC

My Commission Expires:

SANDRA PIGUE
MY COMMISSION # 12367787
EXPIRES: September 18, 2018
Pulaski County

7

STATE OF ARKANSAS )
) ss.
COUNTY OF PULASKI )

## AFFIDAVIT

Before the undersigned Notary Public, duly commissioned and acting within the County and State aforesaid, appeared in person, Bryce Brewer, who stated the following under oath:

1. I am an attorney licensed in the State of Arkansas.

2. I represent Adell Adams in a claim against Evergreen Packaging Inc, Greg Standford,, and John Does 1-3.

3. Defendant John Does 1-3 are unknown.

4. John Does 1-3 will be identified upon the taking of discovery by Plaintiff. They are sued individually and in their official capacity.

5. Further affiant sayeth not.

/s/ Bryce Brewer

SUBSCRIBED AND SWORN to before me this 4th day of June, 2013. .

/s/ Sandra Pigue
Notary Public



7

EEOC Form 5 (11/09)    Case 4:13-cv-00342-KGB   Document 1   Filed 06/05/13   Page 10 of 12

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2012-01298 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>**Mr. Adell Adams** | Home Phone (Incl. Area Code) | Date of Birth<br>**02-08-1953** |
|---|---|---|
| Street Address<br>**508 E 28th, Pine Bluff, AR 71601** | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**EVERGREEN PACKAGING INC** | No. Employees, Members<br>**201 - 500** | Phone No. (Include Area Code)<br>**(870) 541-5600** |
|---|---|---|
| Street Address<br>**5201 Fairfield Rd, Pine Bluff, AR 71601** | City, State and ZIP Code | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **02-01-2012**   Latest: **02-07-2013**
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed on or about 4 Nov 1999 and worked most recently as a Process Specialist in an SO2 position. During 2012, I trained for an SO1 position, but did not pass the SO1 test, having taken it most recently in Jan 2013. During my training, I requested to be assigned a different trainer, but was denied assignment of a different trainer.

I was told I treated the same as all employees with regards to assignment of trainers, who were assigned by shift. I was told I was demoted because I failed to pass the SO1 test for promotion to SO1.

I believe I was denied training and was demoted to SO3 because of my race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended; and, because of my Age (59) in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED FEB 28 2013 U.S. E… LR…

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 2-27-2013   /s/ Adell Adams
Date   Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT A

EEOC Form 161 (11/09)        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Adell Adams<br>508 E 28th<br>Pine Bluff, AR 71601 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2012-01298 | Chris E. Stafford,<br>Investigator | (501) 324-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

MAR 0 6 2013

Enclosures(s)

William A. Cash, Jr.,
Area Office Director

(Date Mailed)

cc:  Terry Steen
HR Director
EVERGREEN PACKAGING
5201 Fairfield Rd
Pine Bluff, AR 71601



Enclosure with EEOC
Form 161 (11/09)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*