
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 0 5 2013
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

P. S. PRODUCTS, INC., and
BILLY PENNINGTON, Individually        PLAINTIFFS

v.                Civil Action No. 4:13 cv 342 KGB

ACTIVISION BLIZZARD, INC.,                This case assigned to District Judge Baker
ACTIVISION PUBLISHING, INC., and          and to Magistrate Judge Kearney
TREYARCH CORPORATION.                     DEFENDANTS

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW the Plaintiffs, P.S. Products, Inc., and Mr. Billy Pennington, individually, hereafter "Plaintiffs," by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this Complaint against the Defendants, Activision Blizzard, Inc., Activision Publishing, Inc., and Treyarch Corporation, hereafter "Defendants," herein states:

### JURISDICTION AND VENUE

1. This Court retains subject matter jurisdiction as patent infringement raises a federal question and is proper under 28 U.S.C. § 1331.

2. Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of Arkansas because the actions which gave rise to the claims presented in this complaint occurred in Little Rock, Arkansas, within the Eastern District of Arkansas.

3. Additionally, the Eastern District of Arkansas has personal jurisdiction of the Defendants. Defendants have maintained substantial, continuous and systematic contacts with the state of Arkansas through its business dealings with customers. Defendants marketed its

products to retail customer in the state of Arkansas. Specifically, the Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 by offering for sale and providing to customers in the state of Arkansas the video game *Call of Duty, Black Ops II.*, which contains illegal images of the Plaintiffs' United States Letters Patent No. US D561, 294 S. *Call of Duty, Black Ops II* was the highest revenue producing video game in 2012 and the Defendants should reasonably expect to be subject to the Courts in the state of Arkansas. Moreover, Activision Blizzard, Inc., exercises sufficient control over Activision Publishing, Inc, and Treyarch Corporation.

4. Additionally, The Eastern District of California has personal jurisdiction of the Defendants because, among other things, Defendants is engaged in tortuous conduct within the state of Arkansas and in this District, including placing into commerce products that contain illegal images that embody the Plaintiffs' patent.

### PARTIES RELEVANT TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

5. This action is brought by P.S. Products, Inc., and its president, Mr. Billy Pennington, manufacturers of stun guns and other personal security devices, organized within the state of Arkansas with its principal headquarters at 3120 Joshua Street, Little Rock, AR 72204.

6. The Defendant, Activision Blizzard, Inc., is a corporation organized existing in the state of Delaware with its principal place of business at 3100 Ocean Park Boulevard, Santa Monica, California with business activities throughout the United States, on the World Wide Web and specifically in the state of Arkansas.

7. The Defendant, Activision Publishing, Inc., is a corporation organized existing in the state of Delaware with its principal place of business at 3100 Ocean Park Boulevard, Santa

Monica, California with business activities throughout the United States, on the World Wide Web and specifically in the state of Arkansas.

8. The Defendant, Treyarch Corporation is a corporation organized existing in the state of Delaware with its principal place of business at 3420 Ocean Park Boulevard, Santa Monica, California with business activities throughout the United States, on the World Wide Web and specifically in the state of Arkansas.

## FACTS APPLICABLE TO CLAIMS IN PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

9. The Plaintiffs specialize in the manufacture and distribution of stun guns, stun devices, gun cleaning kits, and other personal protection devices.

10. The Plaintiffs market and sell its patented products through trade specialty shows, sales associates, retail stores, catalogs and through internet distribution throughout the United States.

11. On February 5, 2008, United States Letters Patent No. US D561, 294 S, (hereafter "US D561, 294 S") was issued to the Plaintiffs for a design invention for a stun gun.

12. The Plaintiffs have owned the patent No. US D561, 294 S throughout the period of the Defendants infringing acts and still owns the patent.

13. The Plaintiffs' products are one of a kind.

14. The Plaintiffs' designs are its own intellectual property. No goods of this design existed prior to the Plaintiffs' designs and patents.

15. The Plaintiffs are the only holder of patents on products of this kind in the United States.

16. The Plaintiffs' product, the *Zap Blast Knuckle®* embodies the US D561, 294 S design patent.

17. When the *Zap Blast Knuckle®* is operated by a user it produces a 950,000 volt electrical shock.

18. A user holds the *Zap Blast Knuckle®* as if holding a pair of brass knuckles.

19. The *Zap Blast Knuckle®* is one of the Plaintiffs most sought after and sold products.

20. The Plaintiffs have complied with the statutory requirement of placing a notice of the Letters of Patent on all Stun Guns.

21. On information and belief the Plaintiffs learned that the Defendants' video game, *Call of Duty, Black Ops II,* for platforms, Xbox, PlayStation 3, Wii and MICROSOFT WINDOWS, contain illegal images that embody the Plaintiffs' US D561, 294 S patent.

22. On information and belief, Activision Blizzard, Inc., is a worldwide online, PC, console, handheld and mobile video game publisher and transacts substantial business, either directly or through their agents on an ongoing basis in this judicial district.

23. On information and belief, Activision Publishing, Inc., is a wholly owned subsidiary of Activision Blizzard, Inc., and transacts substantial business, either directly or through their agents on an ongoing basis in this judicial district.

24. On information and belief, Treyarch Corporation is a wholly owned subsidiary of Activision Blizzard, Inc., and transacts substantial business, either directly or through their agents on an ongoing basis in this judicial district.

25. On information and belief, Activision Publishing, Inc., has offered and sold, and continues to offer and sell, in this judicial district the video game *Call of Duty, Black Ops II.*

26. On information and belief, Activision Blizzard, Inc., is actively involved in the management and control of Activision Publishing, Inc., pertaining to the offer for sale and sale of the video game *Call of Duty, Black Ops II*.

27. On information and belief, Activision Publishing, Inc., holds itself out as the owner of the video game *Call of Duty, Black Ops II* and its intellectual property.

28. On information and belief, Treyarch Corporation holds itself out as the developer of the video game *Call of Duty, Black Ops II* and its intellectual property.

29. On information and belief, Activision Blizzard, Inc., represents Activision Publishing, Inc., to be one of its operating segments and that the *Call of Duty, Black Ops II* franchise has generated over $1 billion in revenues to date.

30. On information and belief, the Defendants' video game, *Call of Duty, Black Ops II* was the highest grossing sold video game in 2012.

31. Activision Blizzard, Inc., Activision Publishing, Inc., and Treyarch Corporation are collectively referred to herein as "Defendants," and unless specifically stated otherwise, the acts complained of herein were committed by, and on behalf, and/or for the benefit of all of the Defendants.

32. The Defendants have sold and continue to sell *Call of Duty, Black Ops II,* for platforms, Xbox, PlayStation 3, Wii and MICROSOFT WINDOWS, hereafter, ("platforms") that contain illegal images that embody the Plaintiffs' US D561, 294 S patent at retail locations and on the world wide web throughout the United States.

33. In the video game *Call of Duty, Black Ops II* on and in all platforms a player, via an avatar, may access weapons called the *Combat Suppression Knuckles* or *Galvaknuckles* via icons that are illegal images that embody the Plaintiffs' US D561, 294 S patent.

34. Additionally, the weapons, *Combat Suppression Knuckles* or *Galvaknuckles,* that a player may access through the icons are an illegal copy of the Plaintiffs' US D561, 294 S patent.

35. In the video game *Call of Duty, Black Ops II* when a player via an avatar, uses the weapons called *Combat Suppression Knuckles* or *Galvaknuckles* it emits an electrical shock representing in reality the shock volts produced by the Plaintiffs' product *Zap Blast Knuckle®* that embodies the Plaintiffs' US D561, 294 S patent.

36. In the campaign mode of *Call of Duty, Black Ops II*, these knuckles appear in the levels "Karma" and "Odysseus."

37. In the campaign mode of *Call of Duty, Black Ops II*, a player may use the access kit perk on these levels, an icon will appear indicating there is a weapons cache available. After opening the case, the player will immediately see illegal images that embody the Plaintiffs' US D561, 294 S patent.

38. The *Combat Suppression Knuckles* also appear in the "strike force" portions of the campaign.

39. *Galvaknuckles* must be purchased in zombie mode. In the game play a player may acquire the *Galvaknuckles* by an access through icons that are an illegal copy of the Plaintiffs' product *Zap Blast Knuckle®* that embodies the Plaintiffs' US D561, 294 S patent.

40. The icons that are an illegal copy of the Plaintiffs' product *Zap Blast Knuckle®* that embodies the Plaintiffs' US D561, 294 S patent are found in each of the zombie levels: Tranzit, Farm, Town, Nuketown Zombies, and Die Rise.

41. Illegal images that embody the Plaintiffs' US D561, 294 S are contained in the Defendants' video game *Call of Duty, Black Ops II* for platform Xbox stock-keeping unit number 5119975

42. Illegal images that embody the Plaintiffs' US D561, 294 S are contained in the Defendants' video game *Call of Duty, Black Ops II* for platform PlayStation 3 stock-keeping unit number 5119939..

43. Illegal images that embody the Plaintiffs' US D561, 294 S are contained in the Defendants' video game *Call of Duty, Black Ops II* for platform Wii stock-keeping unit number 6847331.

44. Illegal images that embody the Plaintiffs' US D561, 294 S are contained in the Defendants' video game *Call of Duty, Black Ops II* for platform MICROSOFT WINDOWS stock-keeping unit number 5120025.

45. The Defendants' actions have violated 35 U.S.C. § 271.

46. The Defendants, intentionally, willfully, and wantonly violated 35 U.S.C. § 271.

47. The Defendants without authority placed in the stream of commerce and offered to sell, the video game *Call of Duty, Black Ops II* which contains illegal images that embody the Plaintiffs' US D561, 294 S patent at retail locations and on the world wide web throughout the United States.

48. The Defendants without a licensed from the Plaintiffs placed in the stream of commerce and offered to sell, the video game *Call of Duty, Black Ops II* which contains illegal images that embody the Plaintiffs' US D561, 294 S patent at retail locations and on the world wide web throughout the United States.

49.     The Defendants have infringed and are still infringing the Letters of Patents Nos. US D561, 294 S by selling the video game *Call of Duty, Black Ops II* which contains illegal images that embody the Plaintiffs' US D561, 294 S patent at retail locations and on the world wide web throughout the United States and the Defendants will continue to do so unless enjoined by this Court.

50.     The Defendants have been on constructive notice No. US D561, 294 S patent by at least as early as February 5, 2008 when the patent was issued. Nevertheless, the Defendants have infringed and continues to infringe the US D561, 294 S patent.

## COUNT I
## PATENT INFRINGEMENT

51.     Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 53 of the Plaintiffs' Complaint, inclusive.

52.     On February 5, 2008 United States Patent No. US D561, 294 S was duly and legally issued to the Plaintiffs for a design invention for a "Stun Gun." The Plaintiffs are the sole and exclusive owner of the US D561, 294 S patent and holds all rights and interests in the US D561, 294 S patent. Among other things, the Plaintiffs holds the sole and exclusive rights to manufacture, use, sell, import and offer to sell under the US D561, 294 S patent and the right to enforce the US D561, 294 S patent against alleged infringers.

53.     The Plaintiffs have complied with any applicable statutory notice requirements by posting notice of the US D561, 294 S patent on its product, the *Zap Blast Knuckle®*, that embodies the US D561, 294 S patent.

54.     The Defendants have infringed and continues to infringe on the US D561, 294 S patent by its manufacture, use, sale, importation, licensing and/or offer for sale of its Defendants' video game *Call of Duty, Black Ops II* for platforms, Xbox, Wii, MICROSOFT WINDOWS and

Playstation 3, that contain illegal images that embody the Plaintiffs' US D561, 294 S patent. The Defendants also have infringed and continues to infringe one or more claims of the US D561, 294 S patent by contributing to and actively inducing others to use, sell, import, and/or offer for sale its video game *Call of Duty, Black Ops II* for platforms, Xbox, Wii, MICROSOFT WINDOWS and Playstation 3, that contain illegal images that embody the Plaintiffs' US D561, 294 S patent. The Defendants are liable for its infringement of the US D561, 294 S patent pursuant to 35 U.S.C. § 271.

55. The Defendants acts of infringement have caused damage to the Plaintiffs, and the Plaintiffs are entitled to recover from the Defendants the damages they have sustained as a result of the Defendants' wrongful acts in an amount subject to proof at trial. The Plaintiffs have owned the US D561, 294 S patent throughout the period of the Defendants' infringing acts. The Defendants' infringement of the Plaintiffs' exclusive rights will continue to damage the Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

56. The Defendants have been on constructive notice No. US D561, 294 S patent by at least as early as February 5, 2008 when the patent was issued. Nevertheless, the Defendants have infringed and continues to infringe the US D561, 294 S patent.

57. Each such infringement by Defendants constitutes a separate and distinct act of infringement. Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

58. As a direct and proximate cause of the infringement by Defendants, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, entitlement to the Defendants' profits that may be proper under 35 U.S.C. § 289

in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

Therefore, the Plaintiffs demand:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants, as follows:

A.   Judgment against the Defendants declaring that the Defendants' actions directly infringe on the Plaintiffs' patents No. US D561, 294 S;

B.   Plaintiffs' reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

C.   Plaintiff's entitlement to the Defendants' profits with respect to each patent infringement in amounts to be proven at trial;

D.   Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Defendants' willful infringement;

E.   A declaration that the Plaintiffs' case against the Defendants is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

F.   An award of costs and attorneys' fee to the Plaintiffs; and,

G.   Such other relief as the Court deems just and reasonable.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

Dated: June 5th, 2013

STEWART LAW FIRM

By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiffs
904 Garland Street
Little Rock, AR 72201
Phone: 501-353-1364
Fax:    501-353-1263
Email: arklaw@comcast.net